The STATE of Texas, Appellant,

v.

Jesse Charles SHEPARD, Appellee.

No. 01–95–01041–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 7, 1996.

John B. Holmes, Calvin Hartmann, Houston, for Appellant.

Thomas D. Moran, Houston, for Appellee.

Before TAFT, ANDELL and PRICE,[1] JJ.

**OPINION**

ANDELL, Justice.

This is a State's appeal contending the trial court imposed an illegal sentence not in conformance to the provisions of former section 12.42(d) of the Penal Code,[2] concerning punishment of habitual offenders. However, we address unassigned fundamental error in the judgment. For reasons different from those raised by the State, we reverse and remand the cause for a new trial.

Appellee, Jesse Charles Shepard, pleaded guilty without an agreed punishment recommendation from the State and was convicted of the state jail felony of burglary of a building. Appellee also pleaded true to two enhancement paragraphs listing prior convictions for burglary of a building and possession of marihuana. The trial court found the paragraphs true and sentenced appellee to one year in jail.

Appellee points out the trial court sentenced him pursuant to the provisions of former section 12.44(a) of the Penal Code, not section 12.35 as asserted by the State. At the time the trial court's sentence was imposed, former section 12.44(a) provided:

> A court ... may punish a defendant who is convicted of a state jail felony by imposing the confinement permissible as punishment for a Class B misdemeanor, a fine not to exceed $10,000, or both if ... the court finds that such punishment would best serve the ends of justice.[3]

The judgment signed by the trial court states:

> [I]n accordance with Section 12.44(a), Penal Code of Texas, the Court finds that the ends of justice would best be served by punishment as a Class *B* Misdemeanor. Defendant is adjudged guilty of a *state jail*

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

2. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, sec. 1.01, § 12.42(d), 1993 Tex.Gen.Laws 3586, 3603, *amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 318, sec. 1, § 12.42(d), 1995 Tex. Gen.Laws 2734, 2734 (current version at TEX.PENAL CODE ANN. § 12.42 (Vernon Supp.1996)).

3. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, sec. 1.01, § 12.44(a), 1993 Tex.Gen.Laws 3586, 3605, *amended by* Act of May 29, 1995, 74th Leg., ch. 318, sec. 3, § 12.44(a), 1995 Tex.Gen. Laws 2734, 2735 (current version at TEX.PENAL CODE ANN. § 12.44(a) (Vernon Supp.1996)). Because the offense in question was committed prior to September 1, 1995, it is governed by the former version providing for punishment as a class B misdemeanor. The current statute provides for punishment as a class A misdemeanor.

degree felony and assessed the punishment as indicated above.[4]

Appellee was sentenced to one year in jail.

Although the judgment states appellee's sentence was assessed in accordance with punishment for a class B misdemeanor, the maximum term of confinement for a class B misdemeanor is 180 days in jail. TEX.PENAL CODE ANN. § 12.22 (Vernon 1994). The range of punishment for a state jail felony includes confinement for a period of 180 days to two years (TEX.PENAL CODE ANN. § 12.35(a) (Vernon 1994)), but TEX.CODE CRIM.P.ANN. art. 42.12, § 15[5] requires that community supervision be given. The range of punishment for a class A misdemeanor includes up to one year in jail. TEX.PENAL CODE ANN. § 12.21(2) (Vernon 1994). Contrary to the judgment, appellee's sentence was therefore not assessed within the punishment range for a class B misdemeanor, but fell within the range of a class A misdemeanor. The judgment is therefore contradictory on its face.

During oral argument, this contradiction was explored. Counsel for appellant asserted that no party had raised a complaint about the contradiction in the judgment, and counsel claimed that appellant was perfectly satisfied with his one-year sentence. We are thus faced with the question of what to do with a judgment, defective on its face, of which no complaint has been made.

■ Prior case law allowed an appellate court to consider unassigned fundamental error in the interest of justice. See Carter v. State, 656 S.W.2d 468, 468–70 (Tex.Crim.App. 1983). The authority to consider unassigned error appears to have been carried forward into the Texas Rules of Appellate Procedure. TEX.R.APP.P. 81(b)(2) states:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment

under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

(Emphasis added). The rule does not predicate a finding of error upon any requirement that it be raised by a party.[6]

■ The judgment in the present case is not simply erroneous. It is void on its face because it purports to punish appellant under former section 12.44(a) when that section only authorized punishment for a class B misdemeanor, but the judgment imposed a punishment outside the range of a class B misdemeanor. See Heath v. State, 817 S.W.2d 335, 336 (Tex.Crim.App.1991) (judgment imposing punishment not authorized by law is void and defect rendering judgment void may be raised at any time).

■ TEX.R.APP.P. 80(b)(2) authorizes us to reform a judgment. This may be done when the record contains sufficient information to do so. See Banks v. State, 708 S.W.2d 460, 462 (Tex.Crim.App.1986). In this case, however, appellant has not brought forward any statement of facts from the plea proceeding, and the remaining record is confusing. For example, appellant filed a motion to be sentenced pursuant to the state jail felony scheme, citing this Court's opinion in State v. Mancuso, 903 S.W.2d 386 (Tex. App.—Houston [1st Dist.] 1995), aff'd, 919 S.W.2d 86 (Tex.Crim.App.1996). The trial court granted the motion on the date of appellant's plea and imposition of sentence. The written admonishments indicate the range of punishment was that of a state jail felony, but also showed that the habitual offender range of punishment was originally indicated. None of the admonishment forms or the plea of guilty form are signed by the trial court. In short, the paperwork supporting appellant's plea of guilty is a mess and

---

4. The italicized portions were written on the judgment by hand.

5. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, sec. 4.01, art. 42.12, § 15, 1993 Tex.Gen.Laws 3586, 3731, amended by Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 60, 1995 Tex.Gen. ·Laws 2734, 2754–55 (current version at TEX.CODE CRIM.P.ANN. art. 42.12, § 15 (Vernon Supp.1996)).

6. While the rule appears to be written more broadly than prior case law, our application here is in conformance with prior case law. We are careful to emphasize that we do not address whether rule 81(b)(2) can be used to extend prior case law to allow appellate review of any unassigned error.

the absence of a statement of facts precludes us from sorting it out. Under these circumstances, it is impossible to reform the judgment to make it accurately reflect what happened at trial.

We hold that TEX.R.APP.P. 81(b)(2) commands us to reverse this case for fundamental error appearing in the record unless we determine beyond a reasonable doubt that the error made no contribution to the conviction or the punishment. The error here is the assessment of a punishment that is more than twice the authorized maximum for a class B misdemeanor. It is obvious beyond any doubt that the error here contributed to the punishment.

Accordingly, we reverse the trial court's judgment and remand for proceedings in accordance with this opinion.[7]

---

**7.** Because of our disposition, it is unnecessary to address the State's contentions, other than to note that, for different reasons, we have sustained the State's basis for appeal—the illegality of the judgment and sentence. Appellant's contention that the State waived error in the judgment by failing to object at trial is implicitly overruled by our recognition of precedent holding that facial voidness of a judgment may be raised at any time.

We have considered whether this case might be reversed solely on the basis of an error or errors made in the punishment stage of the trial pursuant to TEX.CODE CRIM.P.ANN. art. 44.29(b) (Vernon Supp.1996). We cannot say that the error or errors in this case were confined to the punishment stage of trial. To the contrary, from the limited record before us, it appears that a misunderstanding of the applicable range of punishment permeated the entire proceedings.