## In the MATTER of C.E.M.

### No. 01–97–00729–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 17, 1998.

Iris Ramona Loep, Brian Fischer, Houston, for appellant.

John B. Holmes, Rikke Burke Graber, Houston, for appellee.

Before SCHNEIDER, C.J., and HEDGES and NUCHIA, JJ.

## OPINION

SCHNEIDER, Chief Justice.

The trial court found that appellant, a juvenile, had engaged in delinquent conduct by committing the state jail felony offense of possession of cocaine weighing less than one gram, and the trial court placed appellant on probation for nine months in the custody of his mother. The trial court ordered the suspension of appellant's driver's license for 36 months and ordered appellant to participate in a drug counseling and tutoring program, to maintain a minimum C average in school, and to complete 20 hours of community service. In two points of error, appellant complains (1) section 54.042 of the Family Code, which provides for the suspension of a juvenile's driver's license for a period of one year or until his nineteenth birthday, whichever is longer, is unconstitutional and (2) the suspension of appellant's license for 36 months violated his due process and equal protection rights under the Texas Constitution and the United States Constitution because a similarly situated adult would have had his license suspended for one year only.[1] We reverse and remand.

■ Although not raised in appellant's brief,[2] we observe that the trial court's suspension of appellant's driver's license until his nineteenth birthday was not authorized by the Family Code. The relevant portions of section 54.042 of the Family Code provide:

(a) A juvenile court, in a disposition hearing under Section 54.04 of the code, shall:

(1) order the Department of Public Safety to suspend a child's driver's license or permit, or if the child does not have a license or permit, to deny the issuance of a license or permit to the child if the court finds that the child has engaged in conduct that violates a law of this state enumerated in Section 24(a–1), Chapter 173, Acts of the 47th Legislature, Regular Session, 1941 (Article 6687b, Vernon's Texas Civil Statutes) [repealed, *now* TEX.TRANSP.CODE ANN. § 521.342 (Vernon Pamph.1998) ]; or

(2) notify the Department of Public Safety of the adjudication, if the court finds that the child has engaged in conduct that violates a law of this state enumerated in Section 24B(b), Chapter 173, Acts of the 47th Legislature, Regular Session, 1941 (Article 6687b, Vernon's Texas Civil Statutes) [repealed, *now* TEX.TRANSP.CODE ANN. § 521.372 (Vernon Pamph.1998) ].

(b) The order under **Subsection (a)(1) of this section** shall specify a period of suspension or denial that is until the child reaches the age of 19 or for a period of 365 days, whichever is longer.

TEX.FAM.CODE ANN. § 54.042 (Vernon 1996) (emphasis added).

Section 521.342 provides in relevant part:

(a) Except as provided by Section 521.344, the license of a person who was under 21 years of age at the time of the offense, other than an offense classified as a misdemeanor punishable by fine only, is automatically suspended on conviction of:

. . . .

---

1. Appellant was born June 16, 1981. Appellant committed the offense on or about November 25, 1996 and was adjudicated delinquent on March 11, 1997. Hence, he was 15–years old when he committed the offense and nearly 16–years old when he was adjudicated delinquent.

2. In *State v. Shepard*, 920 S.W.2d 420, 422 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd), we were faced with the question of what to do with a judgment, which was defective on its face and of which no complaint was made. In that case, we noted that case law as well as former rule 81(b)(2) of the Rules of Appellate Procedure authorized an appellate court to consider unassigned fundamental error in the interest of justice. *Id.*

(3) a *misdemeanor offense* under Chapter 481, Health and Safety Code, for which Supchapter P does not require the automatic suspension of the license;

TEX.TRANSP.CODE ANN. § 521.342 (Vernon Pamph.1998) (emphasis added).

Appellant was found to have committed the offense of possession of cocaine weighing less than one gram. Such an offense is a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Supp.1998). The plain meaning of section 521.342 of the Transportation Code is that it applies to misdemeanor offenses under chapter 481 of the Health and Safety Code, not to felony drug offenses under chapter 481.

As the State correctly points out, section 521.372 of the Transportation Code applies in this case. Section 521.372 provides:

(a) A person's driver's license is automatically suspended on final conviction of:

(1) an offense under the Controlled Substances Act [chapter 481 of the Health and Safety Code];

(2) a drug offense; or

(3) a felony under Chapter 481, Health and Safety Code, that is not a drug offense.

TEX.TRANSP.CODE ANN. § 521.372(a) (Vernon Pamph.1998). Thus, section 521.372 applies to felony drug offenses. Section 521.372 also provides for a period of suspension that extends for 180 days from the date of final conviction and for a period of denial that extends for 180 days from the date the person applies for the issuance of a driver's license. *See* TEX.TRANSP.CODE ANN. § 521.372(c) (Vernon Pamph.1998).

Because appellant was found to have committed a felony drug offense, section 521.372 of the Transportation Code applies in this case. Accordingly, section 54.042(a)(1) of the Family Code, which requires the juvenile court to order the Department of Public Safety to suspend or deny the issuance of a license or permit to a child if the juvenile court finds that the child violated section 521.342 of the Transportation Code, does not apply in this case. Section 54.042(b) of the Family Code, under which the trial court suspended or denied the issuance of appel-

lant's driver's license until his nineteenth birthday, depends on the application of section 54.042(a)(1). Because section 54.042(a)(1) does not apply in this case, the trial court erroneously suspended appellant's driver's license until appellant's nineteenth birthday pursuant to section 54 .042(b).

 The trial court's unauthorized suspension of appellant's driver's license under section 54.042(b) is analogous to a situation in which a trial court imposes a punishment not authorized by law. *See Shepard,* 920 S.W.2d at 422. In such a situation, the judgment is void. *Id.* Applying the rationale of *Shepard* to this case, we conclude that to the extent the trial court ordered the suspension or denial of appellant's driver's license under section 54.042(b), the judgment in this case is void.

We sustain point of error one to the extent it relates to the trial court's application of section 54.042(a)(1), (b) of the Family Code. We reverse the portion of the trial court's judgment that orders the suspension or denial of driver's license under section 5.042(a)(1), (b) of the Family Code and remand for further proceedings consistent with this opinion.