**In the Matter of R.S.J., a child.**

**No. 12–98–00273–CV.**

Court of Appeals of Texas,
Tyler.

July 29, 1999.

John E. Trube, Tyler, for appellant.

Edward J. Marty, Tyler, for appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

TOM B. RAMEY, Jr., Chief Justice.

R.S.J. ("Appellant"), a juvenile,[1] pled true to an allegation that he engaged in delinquent conduct by possessing marijuana weighing two ounces or less in a drug free zone. After accepting this plea, the trial court placed Appellant on probation for six months. In the trial court's disposition order, the trial court ordered the denial[2] of Appellant's driver's license until his nineteenth birthday pursuant to TEX. FAM.CODE ANN. § 54.042(a)(1), (c) (Vernon

---

1. Appellant was born on July 22, 1985. He committed the offense on or about May 22, 1998 and was adjudicated delinquent on August 11, 1998. Hence, he was twelve years old when he committed the offense and thirteen years old when he was adjudicated delinquent.

2. Specifically, the trial court's disposition order states that Appellant "shall lose or be denied issuance of child's driver's license until the child's 19th birthday ..." However, because Appellant was thirteen when he was adjudicated delinquent, and for ease of refer-

Supp.1999).[3] In one issue presented, Appellant contends that the trial court erroneously relied on section 54.042(a)(1), (c) when it denied the issuance of his driver's license until he reaches nineteen years of age. We will reverse and remand.

■ Appellant does not assert that the issuance of his license should not have been denied. Rather, he argues that the issuance of his license should have been denied for 180 days pursuant to section 54.042(a)(2) of the Family Code. The relevant portions of section 54.042 provide:

(a) A juvenile court, in a disposition hearing, under Section 54.04, shall:

(1) order the Department of Public Safety to suspend a child's driver's license or permit, or if the child does not have a license or permit, to deny the issuance of a license or permit to the child if the court finds that the child has engaged in conduct that violates a law of this state enumerated in section 521.342(a), Transportation Code; or

(2) notify the Department of Public Safety of the adjudication, if the court finds that the child has engaged in conduct that violates a law of this state enumerated in Section 521.372(a), Transportation Code.

. . .

(c) The order under Subsection (a)(1) shall specify a period of suspension or denial that is until the child reaches the age of 19 or for a period of 365 days, whichever is longer.

. . .

TEX. FAM.CODE ANN. § 54.042 (Vernon 1999). Both Appellant and the State agree

that the trial court denied the issuance of Appellant's license pursuant to section 54.042(a)(1), (c). Accordingly, under the terms of section 54.042(a)(1), the trial court found that Appellant had engaged in conduct that violated a law enumerated in section 521.342(a) of the Transportation Code. Thus, it is necessary to address the relevant offenses proscribed by this section. Section 521.342(a) provides in pertinent part:

(a) . . . the license of a person who was under 21 years of age at the time of the offense, other than an offense classified as a misdemeanor punishable by fine only, is automatically suspended on conviction of:

. . .

(3) a misdemeanor offense under Chapter 481, Health and Safety Code, for which Subchapter P [Transp. Code § 521.371 et seq.] does not require the automatic suspension of the license;

. . .

TEX. TRANSP. CODE. ANN. § 521.342(a) (Vernon 1999). Based upon Appellant's plea, the trial court found that Appellant had possessed marijuana weighing two ounces or less in a drug free zone. Such an offense is a class A misdemeanor punishable by imprisonment. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.121(b)(1) & 481.134 (Vernon Supp.1999); TEX. PEN. CODE ANN. § 12.21 (Vernon 1994). Thus, without the reference to "Subchapter P" in section 521.342(a)(3), it would appear that section 54.042(a)(1), (c) would apply here. However, Appellant contends that because of the reference to Subchapter P, the instant offense falls under section 521.372(a)

ence, we will refer to the trial court's "denial" of Appellant's license.

**3.** *In his brief, Appellant seems to periodically refer to this condition as ordering the denial of Appellant's driver's license for twelve months after application for his license.*

However, we read the trial court's disposition order to deny Appellant's license until he reaches nineteen years of age. While these conditions may be the same in practical effect, we will refer to this condition as it appears in the disposition order.

(Subchapter P) of the Transportation Code and section 54.042(a)(2) of the Family Code, rather than under the terms of section 54.042(a)(1), (c).

The relevant portion of Section 521.372, which is contained within Subchapter P, states that:

(a) A person's driver's license is automatically suspended on final conviction of:

(1) an offense under the Controlled Substances Act;

(2) a drug offense; or

(3) a felony under Chapter 481, Health and Safety Code, that is not a drug offense.

. . .

(c) ... the period of suspension under this section is the 180 days after the date of a final conviction, and the period of license denial is the 180 days after the date the person applies to the department for reinstatement or issuance of a driver's license.

TEX. TRANSP. CODE ANN. § 521.372 (Vernon 1999). Section 521.371(a) (Subchapter P) of the Transportation Code defines "the Controlled Substances Act" as "the federal Controlled Substances Act (21 U.S.C. Sec. 801 et seq.)." This section also defines "drug offense" as having "the meaning assigned under 23 U.S.C., section 159(c) ... " TEX. TRANSP. CODE ANN. § 521.371(c) (Vernon 1999). Section 159(c)(2)(A) of title 23 defines "drug offense," in part, as the possession of a substance prohibited under the Federal Controlled Substances Act. 23 U.S.C.A. § 159(c)(2)(A) (West Supp.1998). The automatic suspension or denial provided for in section 521.372 applies to adjudications in juvenile proceedings. TEX. TRANSP. CODE ANN. § 521.371(b) (Vernon 1999).

Under the Federal Controlled Substances Act, it is unlawful to possess a controlled substance. *See* 21 U.S.C.A. § 844 (West Supp.1998). The substance underlying the offense at issue here, marijuana, is a controlled substance under 21 U.S.C.A. § 812, Schedule I(c)(10) (Vernon Supp.1998). Thus, Appellant argues that the "combined effect" of the above provisions is to "make the instant offense squarely fall under the suspension/denial provisions of Subchapter P, Transportation Code." Appellant contends that had the proper provisions been applied, the denial of his driver's license would have consisted of 180 days rather than lasting until he reaches nineteen years of age. Appellant cites one case, *In the Matter of C.E.M.*, 981 S.W.2d 771 (Tex.App.—Houston [1st Dist.] 1998, no pet.), in support of his argument. We find this case to be inapposite on the specific issue of Subchapter P's application to misdemeanor offenses, however, as it involved a felony, rather than a misdemeanor, drug offense.

The State agrees with Appellant that if the underlying offense implicates Subchapter P, section 54.042(a)(1), (c) and section 521.342(a)(3) do not apply. However, the State argues that Subchapter P is not implicated here because marijuana is not listed as a controlled substance under 21 U.S.C.A. § 812.

■ Having reviewed the provisions at issue, we disagree with the State. Marijuana is listed as a controlled substance in section 812, Schedule I(c)(10). Thus, possession of marijuana constitutes an offense under the Controlled Substances Act, 21 U.S.C.A. § 844, and implicates section 521.372 (Subchapter P) of the Transportation Code. Because section 521.372 requires the denial of Appellant's license upon conviction of the instant offense, the trial court erroneously denied the issuance of Appellant's license until his nineteenth birthday pursuant to section 54.042(a)(1), (c). *See In the Matter of C.E.M.*, 981 S.W.2d at 773 (holding that since felony

drug offenses fall under section 521.372, trial court erroneously relied on provisions of Family Code which required suspension or denial of juvenile's driver's license until his nineteenth birthday). The trial court's unauthorized denial of Appellant's driver's license under section 54.042(a)(1), (c) is analogous to a situation where a trial court imposes punishment not authorized by law. *Id.* Thus, we conclude that to the extent that the trial court ordered the denial of Appellant's driver's license under section 54.042(a)(1), (c), the judgment is void. *Id.*

We sustain Appellant's issue. Accordingly, we *reverse* the portion of the trial court's judgment that orders the denial of Appellant's driver's license until his nineteenth birthday and *remand* for further proceedings consistent with this opinion. In all other respects, the trial court's judgment is *affirmed.*