Opinion issued July 14, 2005








     









In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00826-CR




AUBREY MINOR, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 278th District Court
Grimes County, Texas
Trial Court Cause No. 14,659




MEMORANDUM OPINION

          Appellant, Aubrey Minor, Jr., was charged by indictment with possession of
between four and 200 grams of cocaine, with intent to deliver, enhanced by two prior
felony convictions. See Tex. Health & Safety Code Ann. §§ 481.102(3), .112
(Vernon 2003 & Supp. 2004–2005). He pleaded not guilty to the primary offense, but
pleaded “true” to the enhancements. A jury found appellant guilty of the lesser-included offense of “possession of cocaine, 4–200 grams.” The trial court found the
enhancement paragraphs true and assessed punishment at confinement for life. 
          In four issues, we determine (1) whether the evidence of possession is legally
insufficient to support the conviction, (2) whether the evidence of possession is
factually insufficient to support the conviction, (3) whether the trial court erred in
refusing to admit the audiotape statement of a co-defendant, and (4) whether the trial
court erred in overruling appellant’s objection to the State’s closing argument.
          On our motion, we reform the judgment of the trial court to make the judgment
conform to the record. We affirm the judgment as reformed.
BACKGROUND
          On May 1, 2001, Navasota Police Officer Luke Ditta was on patrol near
Highway 6 when he saw a white pickup truck being driven erratically—swerving and
failing to signal lane changes. Officer Ditta pursued the truck, ultimately turning on
his lights and siren. However, the driver of the truck, later identified as appellant,
failed to stop immediately. Rather, appellant traveled some distance before turning
down a residential street and coming to a sudden stop at the roadside, leaving the tail
end of the truck in the middle of the street. Officer Ditta could see three people inside
the truck shuffling around—lifting up in the seat, leaning, and looking back at him. 
          Before Officer Ditta got out of his car, appellant got out of the truck, leaving
his door open, and began walking rapidly toward a house. Officer Ditta pursued
appellant and ordered him to stop. Appellant continued walking away, then pulled
something from his pocket and threw it in a yard. Officer Ditta believed the object
was a weapon or narcotics and drew his gun, again ordering appellant to stop. 
Appellant finally obeyed. Officer Ditta patted him down, and they returned to the
truck.
          Back at the truck, Officers Telthorster and Prior had arrived and removed the
two passengers, Ross Taplin and Noah Collins. Officer Ditta asked appellant for
consent to search the truck, which appellant granted. 
          Officer Ditta found a clear plastic baggie containing a black substance on the
ground outside the driver’s door of the vehicle, where appellant had gotten out. 
Looking into the truck through the open driver’s door, Officer Ditta saw, in plain
view, two clear plastic baggies containing a yellow substance, partially stuffed into
the driver’s side of the bench seat. Officer Ditta found two other baggies containing
yellow substance stuffed into the mid-portion of the seat. The contents of the bags
were field tested and believed to contain methamphetamine or cocaine. Appellant
and his two passengers were arrested.
 
          The police chemist identified the total substance recovered as 13.67 grams of
cocaine. The jury was charged on the law of parties and returned a general verdict
of “guilty of possession of cocaine 4–200 grams.”
Possession
          In his first and second issues, appellant contends that the evidence was legally
and factually insufficient to support his conviction for possession, either as the
principal actor or as a party to the offense.
A.      Standard of Review
          A legal-sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Although our analysis considers
all of the evidence presented at trial, we may not re-weigh the evidence and substitute
our judgment for that of the fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000).
          In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144
S.W.3d 477, 481 (Tex. Crim. App. 2004)). We must defer appropriately to the fact-finder to avoid substituting our judgment for its judgment. Zuniga, 144 S.W.3d at
481–82. Our evaluation may not intrude upon the fact-finder’s role as the sole judge
of the weight and credibility accorded any witness’s testimony. Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). The fact-finder alone determines what
weight to place on contradictory testimonial evidence, as it depends on the fact-finder’s evaluation of credibility and demeanor. Id. at 408–09. As the determiner of
the credibility of the witnesses, the fact-finder may choose to believe all, some, or
none of the testimony presented. Id. at 407 n.5. In conducting a factual-sufficiency
review, we must discuss the evidence that, according to appellant, most undermines
the jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
          The standards of review for legal and factual sufficiency challenges are the
same for direct and circumstantial evidence cases. Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986). 
B.      The Law
          To establish unlawful possession of a controlled substance, the State must
prove beyond a reasonable doubt that (1) the defendant exercised actual care, custody,
control, or management over the substance, (2) knowing that it was contraband. Tex.
Health & Safety Code Ann. § 481.002(38) (Vernon Supp. 2004–2005); Gilbert
v. State, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). “A
person is criminally responsible as a party to an offense if the offense is committed
by his own conduct, by the conduct of another for which he is criminally responsible,
or by both.” Tex. Pen. Code Ann. § 7.01(a) (Vernon 2003). “A person is criminally
responsible for the conduct of another if, acting with intent to promote or assist the
commission of the offense, he solicits, encourages, directs, aids, or attempts to aid
another person to commit the offense.” Id. § 7.02(a)(2) (Vernon 2003). Each party
to the offense may be charged with its commission. Id. § 7.01(b). 
          A person acts intentionally with respect to the nature of his conduct if it is his
conscious objective or desire to engage in the conduct or cause the result. Id.
§ 6.03(a). A person acts knowingly with respect to the result of his conduct when he
is aware that his conduct is reasonably certain to cause the result. Id. § 6.03(b). 
Intent can be inferred from the acts, words, and conduct of the accused. Patrick v.
State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). Similarly, knowledge can be
inferred from the conduct of and remarks by the accused and from circumstances
surrounding the acts engaged in by the accused. See Dillon v. State, 574 S.W.2d 92,
94–95 (Tex. Crim. App. 1978). 
          An offense is committed only if a person voluntarily engages in conduct,
including an act, an omission, or possession. Tex. Pen. Code Ann. § 6.01(a)
(Vernon 2003). Possession is voluntary “if the possessor knowingly obtains or
receives the thing possessed or is aware of his control of the thing for a sufficient
time to permit him to terminate his control.” Id. § 6.01(b).
          When a defendant’s possession of contraband is not exclusive, the State may
prove knowing possession by evidence affirmatively linking the defendant to the
contraband. See Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 
Affirmative links may be established by direct or circumstantial evidence. Id.
C.      Analysis
          1.       Legal Sufficiency
          In his first issue, appellant contends that the evidence is legally insufficient to
affirmatively link him to the cocaine found in his truck. Specifically, appellant
contends that the evidence fails to show that he individually possessed any portion
of the cocaine or acted as a party to the offense. 
          To show possession, the State is merely required to show an affirmative link
between appellant and the drug to the degree that a reasonable inference may arise
that appellant had knowledge of the existence of the contraband and exercised control
over it. See id.; Dubry v. State, 582 S.W.2d 841, 843 (Tex. Crim. App. 1979). We
consider the totality of the circumstances and not the number of links to determine if
appellant is affirmatively linked to the contraband. See Gilbert v. State, 874 S.W.2d
290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). Factors that may
establish affirmative links include whether: 
          (1) the accused was the owner of the place where the contraband was found;
(2) the accused was the driver of the vehicle in which the contraband was
found; 
(3) the contraband was in plain view;
          (4) the contraband was in an enclosed area;
(5) the contraband was found on the same side of the car seat as the accused 
 was sitting;
(6) the contraband was conveniently accessible to the accused;
(7) paraphernalia to use the contraband was in view of or found on the accused; 
 and
          (8) the accused’s conduct indicated a consciousness of guilt.

Id. 
          Here, the jury could have reasonably concluded that several factors
affirmatively linked appellant to the cocaine found in his truck. The evidence shows
that appellant was the owner of the vehicle in which the cocaine was discovered. In
addition, appellant was the driver at the time of the instant offense. See Roberson v.
State, 80 S.W.3d 730, 736 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d)
(reasoning that appellant’s status as driver of vehicle containing narcotics, when
combined with other evidence, can be sufficient to uphold possession conviction).
          The evidence shows that each of the baggies containing cocaine was found in
an enclosed area, the cab of the truck, located below or conveniently near where
appellant had been sitting. See Gilbert, 874 S.W.2d at 298 (reasoning that these
factors provide affirmative links). When appellant got out of the truck, he left his
door open. Officer Ditta could see two baggies of yellowish substance on the seat,
in plain view, through the open door. See id. (finding narcotics in “plain view” on
seat is affirmative link). The baggies were found partially stuffed into the driver’s
seat. Officer Ditta found the third and fourth baggies stuffed into the middle portion
of the seat. The jury could have reasonably construed the “shuffling around” that
Officer Ditta described as an attempt by appellant to conceal the contraband by
stuffing it in the seat. 
          In addition, the jury could have reasonably concluded that appellant’s conduct
throughout the incident indicated consciousness of guilt. See id. (concluding that
such behavior provides affirmative link). First, the evidence shows that appellant
drove erratically and attempted to evade Officer Ditta, ignoring his lights and siren. 
See id. (failing to stop for officer is affirmative link because it suggests that appellant
is attempting to dispose of contraband before pulling over). Appellant swerved to
leave an entrance ramp to State Highway 6 and led Officer Ditta down a residential
street before stopping. Officer Ditta testified that appellant’s behavior was suspicious
because it was consistent with intoxication and of evading detention. Second, the
testimony shows that, immediately upon stopping, appellant and his two passengers
were seen “shuffling around” in the truck—described by Officer Ditta as “a lot of
movement,” “lifting up in the seat,” and “looking back out the window” at him. 
Officer Ditta testified that, in his experience as a law enforcement officer, this
behavior is suspicious because it indicates extreme nervousness and an attempt to
locate the police officer, to see if he notices the actions. Finally, the evidence shows
that appellant got out of the truck before Officer Ditta approached and began rapidly
walking away. He refused to stop when commanded and attempted to rid himself of
the keys. The jury could have reasonably concluded that appellant’s conduct in
attempting to evade Officer Ditta from the time the pursuit began, through the attempt
to conceal the cocaine, to the attempt to slip away from the truck and lose the keys
were actions consistent with consciousness of guilt. 
          Moreover, even if one of the other passengers initially possessed the cocaine,
the jury could have reasonably concluded that appellant was guilty of the offense as
a party because he intentionally acted to promote or assist in the commission of the
offense. Investigator Travis Higginbotham, of the Grimes County District Attorney’s
Office, interviewed passenger Ross Taplin. Higginbotham testified that Taplin
explained that he worked for appellant, at appellant’s body shop, and that he and
appellant drove in appellant’s truck to Navasota to deliver a trailer. Taplin stated that
the cocaine was purchased in Baytown and that they were together the entire time
from Baytown to Navasota. From this evidence, the jury could reasonably infer that
appellant knowingly possessed the cocaine in his truck and ultimately attempted to
assist in the commission of the offense by evading Officer Ditta and assisting in
concealing the cocaine in the truck seat.
          We conclude that this evidence affirmatively links appellant to the cocaine
either as the principal actor or as a party to the offense. There is ample evidence to
support a conclusion by the jury that appellant exercised actual custody and control
over the substance, knowing that it was contraband, or that he acted with the intent
to promote or assist Taplin’s commission of the offense. See Tex. Pen. Code Ann.
§ 6.01(b); Brown, 911 S.W.2d at 747. Viewing the evidence in the light most
favorable to the verdict, a reasonable trier of fact could have found beyond a
reasonable doubt that appellant possessed the cocaine found in his truck either as the
principal actor or as a party to the offense. See Johnson, 23 S.W.3d at 7; Howley, 943
S.W.2d at 155.
          In a subissue, appellant contends that, even if the evidence is sufficient to show
that he possessed the cocaine, there is no evidence that he possessed more than four
grams. Specifically, appellant contends that the substances in the four baggies were
combined and that only the mixture was tested—rendering the results from the
individual baggies inconclusive. However, the testimony of Camille Stafford, of the
Department of Public Safety Crime Laboratory, reflects that she conducted
cumulative and individual analyses on the samples. The State presented the four
baggies as one exhibit at trial. Because we conclude that there is ample evidence to
affirmatively link appellant to all four baggies, only the total weight of the contraband
recovered is necessary. The laboratory evidence shows that 13.67 grams of cocaine
was recovered, the precise portion contained in any particular baggie is irrelevant.
          Appellant’s first issue is overruled.
          2.   Factual Sufficiency
          In his second issue, appellant contends that the evidence is factually
insufficient to affirmatively link him to the cocaine found in his truck. Specifically,
appellant contends that the evidence fails to show that he individually possessed any
portion of the cocaine or acted to assist Taplin in the commission of the offense.
          The evidence shows that appellant was only one of three occupants of the truck
at the time of the offense. When the accused is not in exclusive control of the place
where the substance is found, there must be additional independent facts and
circumstances which affirmatively link appellant to the contraband and show that he
had knowledge or control. See Wiersing v. State, 571 S.W.2d 188, 190 (Tex. Crim.
App. 1978). As discussed above, the State provided independent evidence that
affirmatively linked appellant to the cocaine as the primary actor or as a party to the
offense. 
          Appellant asserts that Ross Taplin confessed that Taplin alone purchased the
cocaine and that neither appellant nor the other passengers had any knowledge of its
existence in the truck. However, Higginbotham’s testimony also shows that Taplin
did not know where in Baytown he purchased the cocaine and did not know how
much it cost—stating that he believed he paid $60.00. Higginbotham testified that,
in his prior experience as a narcotics officer, the amount of cocaine recovered in the
truck, over thirteen grams, would have realistically cost over $1,000.00. 
          Coupling this evidence with the evidence that appellant was Taplin’s employer,
that the two were traveling in appellant’s truck, with appellant driving, and that over
$1,700.00 was recovered from appellant’s shirt pocket, the jury could have
reasonably concluded that Taplin’s version of the events was not credible. The trier
of fact is the exclusive judge of the facts, the credibility of witnesses, and the weight
to be given their testimony. Williams v. State, 902 S.W.2d 505, 507 (Tex.
App.—Houston [1st Dist.] 1994, pet. ref’d); Sharp, 707 S.W.2d at 614. The trier of
fact is entitled to accept one version of the events and reject another and may accept
or reject any portion a witness’s testimony. Williams, 902 S.W.2d at 507; Sharp, 707
S.W.2d at 614. 
          Appellant also asserts that the evidence linking him to all four baggies was
insufficient because Officer Ditta failed to mark the precise location of each baggie
as it was removed from the truck. However, the evidence shows that all four bags
were found in the driver’s seat or near the mid-portion of the seat. None of them was
found beyond appellant’s reach.
          As the determiner of the credibility of the witnesses, the fact-finder may choose
to believe all, some, or none of the testimony presented. See Cain, 958 S.W.2d at 407
n.4; McKinny v. State, 76 S.W.3d 463, 468–69 (Tex. App.—Houston [1st Dist.] 2002,
no pet.). We hold that the jury’s verdict that appellant possessed the cocaine under
either theory is not irrational, or clearly wrong and manifestly unjust, nor is the 
contrary evidence so strong that the standard of proof beyond a reasonable doubt
could not have been met. See Escamilla, 143 S.W.3d at 817.
          Appellant’s second issue is overruled.
Audiotape
          In his third issue, appellant contends the trial court erred in excluding the
audiotape statement of Ross Taplin. Specifically, appellant contends that Taplin’s
statement would have shown that Taplin confessed to having exclusive possession
of the cocaine and would have asserted that appellant had no knowledge of its
existence. The State contends that the trial court properly found such evidence to
constitute inadmissible hearsay. 
          Whether evidence is admissible is a question for the trial court to resolve. 
Moyer v. State, 948 S.W.2d 525, 528 (Tex. App.—Fort Worth 1997, pet. ref’d). We
allow the trial court broad discretion concerning the admissibility of evidence and
will only reverse upon a showing of a clear abuse of discretion. Williams v. State,
535 S.W.2d 637, 639–40 (Tex. Crim. App. 1976); Spradlin v. State, 100 S.W.3d 372,
381 (Tex. App.—Houston [1st Dist.] 2002, no pet.). An abuse of discretion occurs
when a trial court’s decision lies outside the zone of reasonable disagreement. 
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). In determining
whether a trial court has abused its discretion, we consider whether the court acted
arbitrarily or unreasonably and without reference to guiding rules or principles. Id.
at 380.
          “‘Hearsay’ is a statement, other than one made by the declarant while testifying
at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” 
Tex. R. Evid. 801. Generally, hearsay is not admissible, unless an exception applies. 
See id. 802. An exception is stated at Rule 803(24) which allows a statement against
interest. See id. 803(24). However, in criminal cases, a statement tending to expose
the declarant to criminal liability is not admissible unless corroborating circumstances
clearly indicate the trustworthiness of the statement. Id.
          For a statement to be admissible under rule 803(24), the trial court must
determine (1) whether the statement in question exposes the declarant to criminal
liability and (2) whether corroborating circumstances clearly show the trustworthiness
of the statement. See Bingham v. State, 987 S.W.2d 54, 57 (Tex. Crim. App. 1999);
Holiday v. State, 14 S.W.3d 784, 787 (Tex. App.—Houston [1st Dist.] 2000, pet.
denied). When the trial court resolves both questions favorably, the statement can be
admitted.
          The party seeking to admit the statement must show both prongs. Here, we
need not reach the first, because appellant cannot prove the second—that
corroborating circumstances clearly prove the trustworthiness of Taplin’s statement. 
Factors contributing to a statement’s trustworthiness include:
          (1) whether the declarant’s guilt is consistent with the named person’s guilt;
          (2) whether the declarant committed the crime;
          (3) the declarant’s timing;
          (4) the declarant’s sponteneity;
          (5) the relationship between the declarant and the person to whom the
declarant spoke; and
          (6) the existence of independent corroborative facts.
Bingham, 987 S.W.2d at 58.
          Here, Taplin’s guilt is not inconsistent with appellant’s because possession is
not mutually exclusive, and Officer Ditta testified that he saw appellant and Taplin
together in the truck. In addition, Taplin’s statement was given after being arrested
and in the context of interrogation, at a time when motivation to curry favor with law
enforcement existed. Further, independent facts include Officer Ditta’s testimony
that appellant was driving and ignored police lights and siren. Officer Ditta testified
that he saw all three occupants of the truck shifting up in the seat, leaning, and
looking back at him when he stopped the truck. Appellant was the only occupant
who attempted to escape the scene. When he searched the truck, Officer Ditta found
cocaine behind the driver and the middle portion of the bench seat. Taplin was riding
on the far passenger side. 
          Even if the trial court had improperly excluded the statement, a review of the
entire record shows that any error would not have affected the substantial rights of 
appellant. The appellant wanted to put before the jury the evidence that Taplin
confessed to exclusive possession. However, the evidence shows that, at the time of
trial, Taplin was in a Huntsville jail for this offense and available to provide
testimony at appellant’s trial. The record shows that the trial court issued an order to
bring Taplin to court but defense counsel told the deputy to send him back because
defense counsel had chosen not to call him to testify. Further, Taplin’s statements
were put before the jury in the form of Investigator Higginbotham’s testimony
concerning the statements in the interview. Hence, appellant had the opportunity to
confront Taplin and render this issue moot, yet he declined.
          We hold that the trial court did not abuse its discretion in excluding the
evidence.
          Appellant’s third issue is overruled.
Improper Closing Argument
          In his fourth issue, appellant contends that the trial court erred when it denied
his motion for mistrial and motion for new trial based on the State’s closing
argument. Appellant argues that the State injected new facts into the trial and struck
at him over his counsel’s shoulder. Specifically at issue are the following remarks by
the prosecution in closing:
          [State]:                   And you know what stinks about this case is they didn’t
bring Ross Taplin. And guess why they didn’t bring Ross
Taplin? Because he did not want me to cross-examine him
because I had all kind [sic] of questions that I wanted to
ask Ross Taplin like why did your attorney try and blame
it on Aubrey Minor?
          [Defense]:              I’m sorry?
          [State]:                   Why does your attorney work (inaudible).
          [Defense]:              Objection
          THE COURT:       Sustained.
          [Defense]:              Move for mistrial.
          THE COURT:       Denied.
          At the conclusion of argument, outside the presence of the jury, the following
dialogue took place:
          [Defense]:              The State’s prosecutor . . . mentioned that Ross Taplin’s
lawyer works in the same office as Aubrey Minor’s lawyer
and I would like to cross-examine him about that or
something to that extent, I think.
          THE COURT:       I didn’t hear it. I will be honest with you, if she said that
that is improper. I didn’t hear that in evidence. I did not
hear her argue–
          [Defense]:              That’s what she said.
          [State]:                   I think my first question was–I said I would like to have
asked a question, why did your attorney blame it on
Aubrey Minor and something like doesn’t your attorney
work with Mr. Hamm or something like that.
          In its brief, the State appears to interpret appellant’s contention as a challenge
to a comment on the failure to produce Taplin at trial. However, we construe
appellant’s argument as an assertion that the State injected new facts into the trial and
struck at appellant over the shoulder of his counsel by insinuating that Taplin’s
attorney worked with defense counsel and that they may have acted in bad faith or in
collusion. Appellant argues that such insinuation is improper and inflammatory.
          We review a trial court’s refusal to grant a mistrial for an abuse of discretion. 
Wood v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). Permissible jury
argument must be restricted to (1) a summation of the evidence; (2) a reasonable
deduction from the evidence; (3) answering argument of opposing counsel; or (4) a
plea for law enforcement. Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App.
1999); Sandoval v. State, 52 S.W.3d 851, 857 (Tex. App.—Houston [1st Dist.] 1999,
pet. ref’d). Generally, argument outside these boundaries is improper and may be
cured by an instruction to disregard. Martinez v. State, 17 S.W.3d 677, 691 (Tex.
Crim. App. 2000). Only in extreme circumstances, when the prejudice is incurable,
will a mistrial be required. Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App.
2004). 
           The State argues that, although appellant objected and requested a mistrial, he
failed to request an instruction to disregard and has waived any error. To preserve a
complaint for appellate review, the record must show that “a complaint was made to
the trial court by a timely request, objection, or motion” that was pursued to an
adverse ruling. Tex. R. App. P. 33.1; see Young v. State, 137 S.W.3d 65, 69 & n.5
(Tex. Crim. App. 2004). Generally, the “traditional and preferred” method of
pursuing an objection to an adverse ruling is to, in sequence, (1) make an objection,
(2) request an instruction to disregard, and (3) move for mistrial. Young, 137 S.W.3d
at 69. 
          The request for an instruction to disregard is essential when such instruction
would “enable the continuation of the trial by an impartial jury.” Id. at 70; McGuinn
v. State, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998) (determining that appropriate
remedy for curable improper argument is instruction to disregard). The failure to
request an instruction forfeits appellate review if the event could have been cured by
such an instruction. Young, 137 S.W.3d at 70. However, if the argument is so
prejudicial that an instruction to disregard would not be sufficient to remove the
harm, a request for mistrial will preserve error. Id. We determine whether the 
prejudicial effect of the argument was incurable.
          Harm arising from improper argument is incurable if (1) the argument is
extreme, improper, injects new and harmful facts into the case, or violates a
mandatory statute, and (2) is so inflammatory that its prejudicial effects cannot
reasonably be cured by an instruction to disregard. Long v. State, 823 S.W.2d 259,
267 (Tex. Crim. App. 1991).
          A prosecutor risks improperly striking at a defendant over the shoulder of
counsel when the argument refers to defense counsel personally and explicitly
impugns defense counsel’s character. Mosley v. State, 983 S.W.2d 249, 259 (Tex.
Crim. App. 1998). Here, the State injected appellant’s counsel personally into its
closing argument. The question, “[w]hy did your attorney try and blame it on Aubrey
Minor?” in the context of whether his counsel worked with appellant’s counsel was
suggestive that the attorneys worked together to construct a defense. In addition,
whether appellant’s counsel works with Taplin’s counsel is a fact not previously in
the record. The statements could have been calculated to convey to the jury an
impression that defense counsel acted in bad faith and relied upon evidence not in the
record. See Fuentes v. State, 664 S.W.2d 333, 335 (Tex. Crim. App. 1984). 
          Even if we assume without deciding that the argument was improper, we
cannot say that the isolated and veiled suggestion in closing, that the record shows
was inaudible and the trial court also stated it did not hear, was so inflammatory that
any prejudicial effects could not reasonably have been cured by an instruction to
disregard. See Long, 823 S.W.2d at 267; cf. Fuentes, 664 S.W.2d at 336–37. Hence,
appellant’s failure to request such instruction resulted in waiver of this issue. See
Young, 137 S.W.3d at 70 (considering failure to request instruction to disregard
curable error results in waiver of issue on appeal).
          Appellant’s fourth issue is overruled.
PunishmentOur review of the record reveals a clerical error in the trial court’s judgment. 
The signed verdict reflects that the jury convicted appellant of “possession of cocaine,
4–200 grams.” However, the trial court’s written judgment states that the jury
convicted appellant of “possession of a controlled substance, cocaine, of at least 4
grams but less than 200 grams with intent to deliver.” (Emphasis added.)
          Although neither party has raised this issue, we may, sua sponte, reform a
clerical error in the trial court’s judgment to ensure that it reflects the jury’s verdict. 
See St. Julian v. State, 132 S.W.3d 512, 517 (Tex. App.—Houston [1st Dist.] 2004,
pet. ref’d). “An appellate court has the power to correct and reform a trial court
judgment ‘to make the record speak the truth when it has the necessary data and
information to do so, or make any appropriate order as the law and nature of the case
may require.’” Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.]
2001, no pet.) (quoting Asberry v. State, 813 S.W.2d 526, 529 (Tex. App.—Dallas
1991, pet. ref’d); see Tex. R. App. P. 43.2(b) (stating that appellate court may modify
the trial court’s judgment and affirm it as modified); Id. 43.6 (stating that appellate
court “may make any other appropriate order that the law and the nature of the case
require”). This power is not dependent upon there being a request by a party. Tyler
v. State, 137 S.W.3d 261, 268 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

          Here, the jury’s verdict form states that appellant was found “guilty of
possession of cocaine, 4–200 hundred grams.” This verdict was announced in open
court and accepted by the trial court, as follows:
          THE COURT:       Do we have a verdict?
          FOREPERSON:    Yes, sir.
          THE COURT:       . . . Okay. “We, the jury, find the defendant, Aubrey
Minor, Jr., guilty of possession of cocaine, four to two
hundred grams.” Signed, Rebecca Tubbs, Foreperson. 
Does anyone desire that we poll the jury?

                                         (Jury polled)
 
          THE COURT:       The Court will accept the verdict of the jury, ladies and
gentlemen, you are now discharged.
 
          The judgment signed by the trial court, however, states that appellant was
convicted of “possession of a controlled substance, cocaine, of at least 4 grams but
less than 200 grams with intent to deliver.” (Emphasis added.) In addition, the
judgment states that the verdict announced in open court and received by the court
was as follows: “We the jury find the defendant, Aubrey Minor, Jr., guilty of
possession of a controlled substance, cocaine, more than 4 grams, but less than 200
grams, with intent to deliver.” (Emphasis added.) Finally, the judgment states that
“[i]t is therefore ORDERED, ADJUDGED, AND DECREED by the Court that the
Defendant is GUILTY of the offense of possession of a controlled substance, cocaine,
of at least 4 grams but less than 200 grams with intent to deliver.” (Italics added.) 
These entries in the written judgment explicitly contradict the jury form and the
reporter’s record.
          Because we have the complete record before us concerning the jury’s verdict
and the trial court’s acceptance in open court, we have the necessary information to
reform the judgment to reflect the true finding of the jury.


 See Knight v. State, 581
S.W.2d 692, 694 (Tex. Crim. App. 1979) (reforming judgment to conform to record);
Nolan, 39 S.W.3d at 698 (examining clerk’s and reporter’s records and reforming
clerical errors in judgment); cf. State v. Shepard, 920 S.W.2d 420, 422–23 (Tex.
App.—Houston [1st Dist.] 1996, pet. ref’d) (examining record too incomplete to
reform because intent of trial court could not be ascertained and remanding for new
hearing on punishment). Accordingly, the judgment is reformed to delete the words
“with intent to deliver” to conform to the record.
CONCLUSION
          We affirm the trial court’s judgment as reformed.



                                                   Laura Carter Higley
                                                   Justice
Panel consists of Justices Taft, Alcala, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).