MARY'S OPINION HEADING 








NO. 12-10-00353-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

RICHARD CALVIN
GEORGE,                  §                      APPEAL FROM THE 124TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      GREGG
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            After
the trial court denied his motion to suppress, Appellant, Richard Calvin George,
pleaded guilty to the offense of possession of a controlled substance, cocaine,
in an amount of four grams but less than two hundred grams.  He also pleaded
true to the allegations in the indictment that he had two prior felony
convictions.  The trial court found Appellant guilty, found the enhancement
allegations to be true, and assessed Appellant’s punishment at imprisonment for
forty-five years.

            In
his first issue on appeal, Appellant contends the trial court erred in
overruling his motion to suppress.  In his second issue, Appellant maintains
the trial court erred in entering judgment for a higher grade felony than that
to which he entered his plea.  We modify and affirm as modified.

 

Background

            Gregg County Deputy
Sheriff Douglas Morgan saw Appellant turn onto State Highway 300 from George
Richey Road.  Some two months before, the Gregg County CODE Unit had informed
Deputy Morgan that Appellant was possibly selling illegal narcotics.  Based
upon that information, Deputy Morgan began following Appellant’s 2000 Chevrolet
Impala looking for a reason to stop him.  A small SUV, a 2002 Ford Escape,
driven by Emily Raborn was between Appellant’s Impala and Deputy Morgan’s
Chevrolet Tahoe patrol car.  Appellant slowed his vehicle and turned into the
AutoZone parking lot.  Deputy Morgan made a traffic stop, because Appellant
failed to signal his turn continuously for not less than the last 100 feet of
movement before the turn as required by Texas Transportation Code, Section 545.104(b). 
Deputy Morgan, in his testimony at the suppression hearing, repeatedly
maintained that by leaning to the right in the cab of his vehicle, he could see
the right turn light of Appellant’s vehicle and it was not flashing until
Appellant actually began his turn.

            The
view of Appellant’s turn indicator by the video camera in the deputy’s patrol
car was blocked by Raborn’s Ford Escape.  Ms. Raborn testified that she
remembered the driver in front of her (Appellant) “hit his brakes a few times,
and then there was a really sudden turn.  And then I remember the police behind
me jerking in the parking lot.”  When she was asked when Appellant turned on
his turn indicator, she responded, “To the best of my memory, it seemed as if
he did it at the last – during the turning.”

            When
Deputy Morgan made contact with Appellant after the stop in the parking lot, he
noticed that Appellant’s hands were shaking as if he was very nervous.  Deputy
Morgan asked and received Appellant’s permission to search his car.  Deputy
Morgan found 13.6 grams of suspected crack cocaine in a plastic baggy and
$7,000 in U.S. currency.  A search of Appellant’s wallet revealed another
$3,190 in U.S. currency.

            At
the close of the hearing on Appellant’s motion to suppress, the trial court
made the following findings of fact and conclusions of law:

 

            Findings
of Fact

 

1.  There was no
warrant for the arrest of Appellant and no search warrant.

 

2. Officer
Morgan was traveling in an SUV-type police vehicle equipped with video.

 

3. The video
itself does not show Appellant’s “right or left signal until actually the turn
is made, but that you can’t see the signal beforehand on video.”

 

4. The officer
testified that several times he moved to his right in the vehicle to try and
observe Appellant’s vehicle and signals, and on three occasions on the video
the officer’s vehicle clearly moves to the right, most notably at the end when
Appellant is making his turn.  

 

5. Ms. Raborn’s
testimony was considered only as to the issue of the officer’s credibility and
not on the issue of whether or not Appellant used his signal.

 

6. The officer
testified that Appellant moved to his right slightly before making the turn,
and that he (the officer) moved to his right at that time.

 

7. The officer
testified that Appellant’s blinker was clearly in sight at that point, and that
Appellant did not turn on his signal within the required distance and did not
do so until he was making the turn. 

 

            Conclusions
of Law

 

1. The failure
to comply with turning on the signal under Section 545.104, Texas Transportation
Code, within 100 feet of an intersection is a traffic violation.

 

2. The officer
had probable cause to stop Appellant under Section 545.104, Texas Transportation
Code, because Appellant violated that statute.

 

Motion to Suppress

 

            In his first issue,
Appellant contends that the trial court erred in denying his motion to suppress
because the visual evidence establishes that the arresting officer could not
have seen the turn signal of Appellant’s vehicle.

 

Standard
of Review

            In
reviewing a trial court’s ruling on a motion to suppress,

 

the appellate courts . . . should
afford almost total deference to a trial court’s determination of the
historical facts that the record supports especially when the trial court’s
fact findings are based on an evaluation of credibility and demeanor.  The
appellate courts . . . should afford the same amount of deference to trial
courts’ rulings on “application of law to fact questions,” also known as “mixed
questions of law and fact,” if the resolution of those ultimate questions turns
on an evaluation of credibility and demeanor.  The appellate courts may review de
novo “mixed questions of law and fact” not falling within this category.

 

 

Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997) (internal citations omitted).  

            In
this case, the trial court made findings of fact.  We therefore give almost
total deference to those findings that are supported by the record, especially
when they involve determinations of credibility and demeanor.  See id.;
see also Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim.
App. 2000).  We review de novo the court’s application of the law to those
facts.   See Carmouche, 10 S.W.3d at 328.

            However,
the discretion of the trial court is not absolute, particularly when there is “indisputable
visual evidence contradicting essential portions of [the witness’s] testimony.” 
Montanez v. State, 195 S.W.3d 101, 110 (Tex. Crim. App. 2006).  A
reviewing court cannot blind itself to videotape evidence simply because a
witness’s testimony may, by itself, be read to uphold the trial court’s
ruling.  Id.  In reviewing a trial court’s ruling on a motion to
suppress, the appellate court must view the evidence in the light most
favorable to the trial court’s ruling.  Wiede v. State, 214
S.W.3d 17, 24 (Tex. Crim. App. 2007).

Applicable
Law

            If
the state makes an arrest without a warrant, the burden is on the state to show
that there was probable cause for the stop, arrest, and subsequent search.  State
v. Cantwell, 85 S.W.3d 849, 852 (Tex. App.–Waco 2002, pet. ref’d).  “A
peace officer may arrest an offender without a warrant for any offense
committed in his presence or within his view.”  Tex. Code Crim. Proc. Ann. § 14.01(b) (Vernon 2005); see
also Carmouche, 10 S.W.3d at 328 n.6.  “An operator intending to
turn a vehicle right or left shall signal continuously for not less than the
last 100 feet of movement of the vehicle before the turn.”  Tex. Transp. Code Ann. § 545.104(b)
(Vernon 1999).  “[A]n objectively valid traffic stop is not unlawful under
Article 1, § 9 [Constitution of Texas], just because the detaining officer had
some ulterior motive for making it.”  Crittenden v. State, 899
S.W.2d 668, 674 (Tex. Crim. App. 1995).

Discussion

            Raborn’s
small SUV was between Appellant’s vehicle and Deputy Morgan’s large SUV patrol
vehicle.  Therefore, the view of the patrol car’s video camera was blocked by
Raborn’s vehicle.  Nevertheless, Deputy Morgan maintained that by leaning to
the right in the front seat of his patrol vehicle, he could view the right
blinker of Appellant’s vehicle.  Deputy Morgan was candid enough to admit that he
was searching for a reason to stop Appellant.  As a result, his claim that he
could lean far enough to the right to see Appellant’s turn indicator must
provoke skepticism.  Consequently, the issue presented turns entirely on the
credibility of Deputy Morgan.  

            Guzman
mandates that the reviewing court afford almost total deference to the trial
court’s determination of historical facts–especially when the trial court’s
findings are based on an evaluation of credibility and demeanor.  We have
viewed the videotape of the stop.  It does not prove or disprove the
violation.  Nor does it provide “indisputable visual evidence contradicting” the
deputy’s claim that he could see Appellant’s turn indicator by leaning to the right
in the front seat of his patrol vehicle.  The trial judge was best positioned
to observe Deputy Morgan’s demeanor and assess his credibility.  The trial
judge found his claim credible.  Ms. Raborn’s testimony supported Deputy
Morgan’s version of events.  The trial court’s findings of historical fact are
supported by the evidence.  Appellant’s first issue is overruled. 

 

Error in the Judgment

            In
his second issue, Appellant contends the trial court erred in entering judgment
for a higher grade felony than that to which Appellant entered his plea.

            Appellant
correctly contends that the judgment states the wrong offense, the wrong grade
of felony, and the wrong statute.  The judgment recites that Appellant pleaded
guilty to the offense of “MAN DEL CS PG1>=4G<200G, which apparently means
he pleaded guilty to delivery of a controlled substance in Penalty Group 1 in
an amount of four grams but less than two hundred grams.  Both the reporter’s
record of the plea hearing and the judge’s criminal docket entry show that
Appellant did not plead guilty to intent to deliver the controlled substance
but only to the possession of the controlled substance.  The offense to which
Appellant pleaded guilty is found in Texas Health and Safety Code, Section
481.115, not Section 481.112(d) of the Texas Penal Code.  The offense is a second
degree felony, not a first degree felony as recited in the judgment.  The final
four errors in the judgment concern the enhancement paragraphs.  The clerk
preparing the judgment wrote “N/A” in each of the four blanks pertaining to the
plea and findings on each of the two enhancement paragraphs.  “True” should
have been entered in each blank in order to show what happened at the hearing
on punishment.

            In
accepting Appellant’s plea of guilty, the trial court questioned Appellant, as
follows:

 

                THE COURT:  Mr.
George, the State is willing to proceed on Paragraph B of the Indictment, which
just alleges straight possession, not intent.  Now, what I have before me is
that, understanding that, if I find the two enhancement allegations true, it
doesn’t change the range of punishment.  If I find those enhancement
allegations true, the range of punishment is still 25 years to 99 years or
life.  Do you understand that?

 

 

                THE DEFENDANT: 
Yes, sir.

 

                THE COURT: 
Understanding that, are you telling me you are guilty, under Paragraph B, of
possession of a controlled substance, namely cocaine, 4 grams or more, but less
than 200 grams?

 

                THE DEFENDANT: 
Yes, sir.

 

 

            Then
the trial court examined Appellant regarding the enhancement allegations
contained in the indictment.

 

                THE COURT:  Let
me go over those real quickly.

 

                Mr. George, the
State has also filed a Notice of Enhancement to raise the range of punishment. 
And that alleges that you have at least twice before been convicted of felonies
in this state.  One, that on July 17th, 1998, in Cause No. 25,364, in the 188th
District Court of Gregg County, you were convicted of the offense of delivery
of a controlled substance.  Is that allegation true?

 

                THE DEFENDANT: 
Yes, sir.

 

                THE COURT:  And
after that conviction became final on the 28th day of August 2003, in Cause No.
30,493-B, in the 124th District Court of Gregg County, you were convicted of
the offense of possession of a controlled substance, a third degree felony.  Is
that allegation true?

 

                THE DEFENDANT: 
Yes, sir.

 

                THE COURT:  Are
you pleading “true” to these two enhancement allegations because they are in
fact true and for no other reason?

 

                THE DEFENDANT: 
Yes, sir.

 

                THE COURT:  And
you understand that if I find those allegations true, that means the range of
punishment is 25 to 99 years or life.  You understand that?

 

                THE DEFENDANT: 
Yes, sir.

 

                THE COURT:  And
you’re asking me to find those true also; is that correct?

 

                THE DEFENDANT: 
They’re true, sir.

 

 

            At
the sentencing hearing, the trial judge pronounced sentence, as follows:

 

                Based on your
plea of “guilty” to the offense of possession of a controlled substance, and
under Paragraph B, I’m going to find you guilty of that offense.  Based upon
your pleas of “true” to the two enhancement allegations, I find those to be
true.  I’m not going to sentence you to life in prison.  But, Mr. George, an
8-year sentence did nothing, two 10-year sentences have not done it.

 

                You are a
habitual offender.  You’re a habitual drug dealer.  If you want the help that
you say you want, you’re going to have an opportunity to use the in-house SAFPF
program.  But I also have to make sure that the citizens of Gregg County are
protected.

 

                I’m going to
sentence you to 45 years confinement in the Institutional Division of the Texas
Department of Criminal Justice.

 

Applicable
Law

            A
reviewing court has the power to modify incorrect judgments when the record
contains sufficient information to do so.  Jackson v. State, 288
S.W.3d 60, 64 (Tex. App.–Houston [1st Dist.] 2009, pet. ref’d); State v.
Shepherd, 920 S.W.2d 420, 422 (Tex. App.–Houston [1st Dist.] 1996, pet.
ref’d); see also Tex. R. App. P.
43.2(b).  A trial court’s pronouncement of sentence is oral, while the judgment,
including the sentence assessed, is merely the written declaration and
embodiment of that oral pronouncement.  Ex parte Madding, 70
S.W.3d 131, 135 (Tex. Crim. App. 2002).  If the oral pronouncement of sentence
and the written judgment are different, the oral pronouncement controls.  Coffey
v. State, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).  Punishment that falls
within the limits prescribed by statute is not excessive, cruel, or unusual.  Jacobs
v. State, 80 S.W.3d 631, 633 (Tex. App.–Tyler 2002, no pet.).

Discussion

            Appellant
claims that the error is judicial, not clerical, and cannot be reformed.  “It
seems apparent,” Appellant argues, “that the trial court persisted in its
erroneous perception of Appellant’s offense as being possession with intent to
deliver.”  Appellant maintains the judgment is void.  He argues that since it
“refers to the higher grade felony of possession with intent to deliver,” it
exposes him to twice being placed in jeopardy for the same offense.  Finally,
he argues that the punishment assessed was cruel and unusual.

            The
record simply does not support Appellant’s argument.  It is crystal clear that
both the trial court and Appellant understood that Appellant was pleading
guilty to possession, not delivery, of a controlled substance.  Appellant
pleaded true to the two enhancement allegations after being informed that the
range of punishment was twenty-five years to life in prison.  At sentencing,
the trial judge reiterated that he was sentencing Appellant to forty-five years
of confinement based on his plea of guilty to possession of a controlled
substance.  Therefore, the errors in the judgment are clerical, and the
judgment is not void.  The sentence is within the limits prescribed by statute,
and therefore, neither cruel nor excessive.  Appellant’s second issue is
overruled.

            

Conclusion

            We
have overruled Appellant’s two issues.  However, the trial court’s judgment
contains clerical errors.  Accordingly, we modify the judgment to show that
Appellant was convicted of possession of a controlled substance in the amount
of four grams or more but less than two hundred grams, a second degree felony. 
The judgment is further modified to show that Appellant pleaded true to both
enhancement paragraphs and the trial court so found.  The statute for the
offense is modified to show Section 481.115 of the Texas Health and Safety
Code.  The judgment is affirmed as modified.

 

Bill Bass

    
Justice

 

 

Opinion delivered June 8, 2011.

Panel
consisted of Worthen, C. J., Griffith, J., and Bass, Retired J., Twelfth Court
of Appeals, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)